IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| CHADWICK J. NEAL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-11-960-R |
|  | ) |  |
| JOE LESTER; RHETT BURNETT; CARRIE DAVIS, | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered June 12, 2014. Doc. No. 73. Plaintiff has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 82. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff, a state prisoner, has brought an action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Doc. No. 1, at 3. Defendant Davis moves for summary judgment. Doc. No. 64. To succeed on his claim, Plaintiff must allege and prove that Davis personally participated in the constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

The only evidence Plaintiff has produced that involve Davis is a letter he allegedly sent her in which he complained of his symptoms and stated that the medical staff had informed him that he must be seen by an outside physician, and a Request to Staff in which he asked for assistance in obtaining medical care for his injury or in obtaining

outside medical attention. Doc. No. 1, at 5-6. Davis states that she does not remember receiving the letter, and, in response to the Request to Staff, she directed Plaintiff to fill out a medical slip to see the nurse. Doc. No. 1, at 6; Doc. No. 54, Attach. A, at 9. Such evidence is insufficient to establish that Davis was deliberately indifferent to and personally participated in a violation of Plaintiff's constitutional rights.[1]

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and Defendant Carrie Davis's Motion for Summary Judgment [Doc. No. 64] is GRANTED.

IT IS SO ORDERED this 12th day of November, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) (unpublished) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim." (citations omitted)); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." (citations omitted)); *see also Snyder v. Harris*, 406 F. App'x 313, 318 (10th Cir. 2011) (unpublished) (affirming the grant of summary judgment for a defendant-nurse in a § 1983 action for lack of personal participation when there was evidence that the nurse, in denying the plaintiff's grievances, "deferred to the medical professionals to make the proper medical decisions as to the medical treatment that would be best" for the plaintiff, and the plaintiff "presented no facts to dispute [the nurse's] assertion that she was not in charge of his treatment and that treatment decisions were made by doctors, not by her"); *Thomas v. Guffey*, 367 F. App'x 957, 959 (10th Cir. 2010) (unpublished) ("Mr. Thomas stated that defendants were liable simply because their positions made them responsible for ensuring adequate care to detainees. Such allegations fail to state a § 1983 claim.").